This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TOM BROWN,**

     Plaintiff-Appellee,

v.                            **NO. 30,710**

**CENTRAL NEW MEXICO**
**CORRECTIONAL FACILITY,**
**and JOSE ROMERO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Tom Brown
Vado, NM

Pro Se Appellee

New Mexico Corrections Department
James R. Brewer, General Counsel
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     Central New Mexico Correctional Facility and Jose Romero (Defendants)

appeal from the district court's order granting Tom Brown (Plaintiff) $770.00 in compensatory damages for personal property that was mishandled while Plaintiff was incarcerated at Defendants' facility. [RP 228-29] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendants have filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] We affirm.

**DISCUSSION**

In the docketing statement, Defendants contend that the district court erred in refusing to dismiss Plaintiff's complaint with prejudice based on Defendants' repeated motions and claims of immunity pursuant to the New Mexico Tort Claims Act, NMSA 1978, Sections 41-4-1 through 41-4-30 (1976, as amended through 2010, (the TCA). [DS 4] Defendants also argue that the TCA shields governmental entities and public employees from tort liability unless immunity is specifically waived and such waivers are strictly construed. [DS 5] Finally, Defendants contend that there is no waiver of immunity under the TCA for the alleged violation of property rights of one inmate, or for the alleged loss, misplacement, or theft of one inmate's personal property. [DS 7] In the memorandum in opposition, Defendants also argue that they are immune from liability, because they paid Plaintiff $150.00 for the loss of his personal property, which, they allege, is more than the limit of their liability, pursuant to the same

2

policies and procedures that were used to determine their liability to Plaintiff. [MIO 4-6] We are not persuaded.

The record indicates that Plaintiff, appearing pro se, filed an amended civil tort action asserting that while Plaintiff was incarcerated at Defendants' facility, Defendants lost or misplaced certain personal property, which Plaintiff was required to entrust to Defendants while he was transported to a medical facility, and it was never returned it to him. [RP 27] The personal property was: (1) a Seiko watch; (2) a gold rope chain; and (3) a gold wedding ring with a diamond in its center (the property). [Id.]

Defendants filed several motions to dismiss Plaintiff's complaint and for summary judgment, asserting, among other things, that Defendants had not waived sovereign immunity pursuant to any of the provisions of the TCA. [RP 35, 100, 125, 186, 193] The district court granted Defendants' motion to dismiss to the extent that Plaintiff was asserting that Defendants had waived immunity as law enforcement officers, pursuant to Section 41-4-12 of the TCA. [RP 107-08] The district court denied Defendants' motion to the extent that Plaintiff was asserting that Defendants had waived immunity pursuant to Section 41-4-6. [RP 108] Plaintiff also moved for summary judgment [RP 116, 206], which the district court denied [RP 224]. The parties then proceeded to a bench trial. [RP 226]

At trial, Plaintiff testified that Defendants lost, stole, or misplaced the property. Plaintiff also presented evidence that he had prevailed in the internal grievance appeal process as of December 17, 2004, which specifically determined that the property was mishandled by the transporting officer and that Defendants were liable for the replacement of the property, the value of which was to be determined. [RP 28] Plaintiff further presented evidence of the value of the property through purchase receipts and/or his own testimony. [RP 208-10]

After trial, the district court entered the final order, ruling that: (1) Defendants admitted in the final disposition of Plaintiff's internal grievance dated December 14, 2004, to losing or misplacing Plaintiff's property while he was incarcerated at Defendants' facility; (2) Defendants do not enjoy sovereign immunity under the TCA; (3) Plaintiff sufficiently presented the value of the mishandled property in the amount of $930.00, minus the $150 Defendants have already paid Plaintiff to date for the items; and (4) Plaintiff's claim for punitive damages should be denied. [RP 228-29]

As we requested in the calendar notice, Defendants' memorandum provides information on the bases for the district court's ruling that Defendants had waived sovereign immunity under the TCA. [MIO 1-4] Defendants tell us that the district court judge stated that "the state has largely conceded the liability through both Ms. Sedillo's granting of the grievance and also through the admissions of the uncontested

4

material facts in the motion for summary judgment." [MIO 1] We agree with the district court's ruling.

First, during Defendants' processing of Plaintiff's internal grievance regarding the property, Ms. Sedillo concluded that Plaintiff's "property was mishandled by the transporting officer and [Defendants] will be liable for the replacement of the property. . . ." [RP 28] Second, Defendants' policies and procedures specifically provide that Defendants "will not be liable for the loss of or damage to [an inmate's] personal property *unless it is evident that [Defendants], through negligence, [were] directly responsible for the loss or damage.*" [RP 73, ¶ T, emphasis added] Third, in Defendants' motion for dismissal or summary judgment, they state as an undisputed fact that "[t]he transport officers did mishandle the Plaintiff's property during transport." [RP 36]

Because we agree with the district court that Defendants conceded liability in this case, we need not definitively determine whether Defendants waived sovereign immunity for mishandling Plaintiff's property under Section 41-4-6 (A) of the TCA. We turn now to the measure of Plaintiff's compensatory damages. The district court awarded Plaintiff $770, calculated as the value of the property established by Plaintiff as $930, minus the $150 Defendants already paid Plaintiff. [RP 229] Defendants contend that the same policies and procedures that were used by the district court to

determine Defendants' liability "clearly" limit their liability to $150. [MIO 4-6]

In the calendar notice we noted that Defendants' policies and procedures provide for Defendants' ministerial, not administrative or discretionary, duties as bailees with regard to inmates' personal property. *See, e.g., State of N.M. ex rel. Richardson v. 5th Judicial District Nominating*, 2007-NMSC-023, ¶ 10, 141 N.M. 657, 160 P.3d 566 (stating that "[a] ministerial act, as applied to a public officer, is an act or thing which he is required to perform by direction of law upon a given state of facts being shown to exist, regardless of his own opinion as to the propriety or impropriety of doing the act in the particular case"). Defendants' memorandum cites case law that allows a bailee to limit its liability and contends that these same policies and procedures "clearly" provide a limit to Defendants' liability: "[the policies and procedures] clearly indicate that the value of any inmate's watch cannot exceed $50, that the value of an inmate's wedding ring cannot exceed $50, and the value of any inmate's chain and pendant together cannot exceed $50." [MIO 4-5] Defendants also argued below that the value of the mishandled property exceeds the value allowed by its policies and procedures, pointing to Sections B.1.b.1, B.1.b.3, and B.1.b.9. [RP 128] Defendants also indicate in the memorandum that they made the same argument at the bench trial and that a copy of Defendants' policies and procedures were admitted into evidence. [MIO 5, citing the Transcript of Proceedings 40-43]

The district court, however, did not consider that these sections of the policies and procedures clearly limited Defendants' liability to Plaintiff to $150, and awarded Plaintiff the value of the items that he established at trial, $930, subtracting the $150 already paid to Plaintiff to arrive at the $770 amount due to Plaintiff from Defendants. [RP 229] We agree. As we discussed above, these policies and procedures specifically provide for Defendants' liability for the negligent mishandling of an inmate's personal property. [RP 73, ¶ T] As further discussed above, Defendants conceded liability to Plaintiff. As for $150 being the limit of Defendants' liability to Plaintiff, Section B.1.b merely lists the personal property types and values that an inmate may bring into the facility. [RP 57] Moreover, Defendants admitted that the stated values for the types of property Plaintiff lost due to Defendants' mishandling in Section B.1.b, do not add up to $150. [RP 128, RP 57] As such, Defendants have cited no policies and procedures provision that expressly limits Defendants' liability for mishandled items to the values set forth in Section B.1.b. [MIO 4-6; RP 128] *See, e.g.*, *Jimenez v. Foundation Reserve Ins. Co.*, 107 N.M. 322, 324, 757 P.2d 792, 794 (1988) (noting that exclusionary provisions in an insurance policy will be enforced if they (1) are clear and unambiguous in meaning, and (2) if they do not conflict with public policy stated in express statutory language or by indication of legislative intent). In this case, it is unclear and ambiguous whether the values listed for the

allowed property items in Section B.1.b limit Defendants' liability to those values. Thus, while the policies and procedures do clearly provide for Defendants' liability for the negligent mishandling of inmate property, they do not clearly or expressly provide a limit to that liability.

We affirm the district court's order.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**